**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____  District of **Delaware**
(State)

Case number (*If known*): _____  Chapter **11**

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Walker Edison Furniture Company LLC

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
   2 0 – 5 2 4 6 5 7 6

4. **Debtor's address**

   **Principal place of business**  
   1553 W   9000 S  
   Number      Street  
   
   _____  
   
   West Jordan      UT      84088  
   City             State   ZIP Code  
   
   Salt Lake  
   County

   **Mailing address, if different from principal place of business**  
   _____  
   Number   Street  
   
   _____  
   P.O. Box  
   
   _____  
   City    State   ZIP Code  
   
   **Location of principal assets, if different from principal place of business**  
   _____  
   Number   Street  
   
   _____  
   
   _____  
   City    State   ZIP Code

5. **Debtor's website (URL)**  
   https://walkeredison.com

Debtor  Walker Edison Furniture Company LLC    Case number (*if known*)_____
       Name

| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ❏ Partnership (excluding LLP) |
| | | ❏ Other. Specify: _____ |

| 7. | Describe debtor's business | A. *Check one:* |

❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
❏ Railroad (as defined in 11 U.S.C. § 101(44))
❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply:*

❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4  4  9  1

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |

❏ Chapter 7
❏ Chapter 9
■ Chapter 11. *Check all that apply*:

❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

❏ A plan is being filed with this petition.

❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ■ No |
| | | ❏ Yes.  District _____ When _____ Case number _____ |
| | |                                              MM / DD / YYYY |
| | |          District _____ When _____ Case number _____ |
| | |                                              MM / DD / YYYY |

Debtor   __Walker Edison Furniture Company LLC__    Case number (*if known*)_____
           Name

| | | |
|---|---|---|
| 10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>■ Yes.  Debtor __See attached Schedule 1__<br>           District __Delaware__<br>           Case number, if known _____ | Relationship __Affiliate__<br>When ___/___/_____<br>       MM / DD / YYYY |

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number     Street
    _____
    _____    _____  _____
    City                                         State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

---

### Statistical and administrative information

13. **Debtor's estimation of available funds**

    *Check one:*

    ■ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    ☐ 1-49                ■ 1,000-5,000         ☐ 25,001-50,000
    ☐ 50-99               ☐ 5,001-10,000        ☐ 50,001-100,000
    ☐ 100-199             ☐ 10,001-25,000       ☐ More than 100,000
    ☐ 200-999

---

Debtor  Walker Edison Furniture Company LLC    Case number (if known) _____
        Name

| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>■ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08 / 28 / 2025
             MM / DD / YYYY

✗ /s/ Jeffrey P. Werner                    Jeffrey P. Werner
Signature of authorized representative of debtor    Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✗ /s/ Robert J. Dehney                     Date  08 / 28 / 2025
Signature of attorney for debtor                 MM / DD / YYYY

Robert J. Dehney
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201         North Market Street
Number       Street

Wilmington                                 DE          19801-1347
City                                       State       ZIP Code

(302) 658-9200                             rdehney@morrisnichols.com
Contact phone                              Email address

3578                                       DE
Bar number                                 State

# Schedule 1

## Pending or Current Bankruptcy Cases Filed by Affiliates

On August 28, 2025, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Walker Edison Holdco LLC | 92-3568817 |
| Walker Edison Intermediate, LLC | 83-1973363 |
| Walker Edison Furniture Company LLC | 20-5246576 |
| EW Furniture, LLC | 45-3236288 |

| Fill in this information to identify the case: | | |
|---|---|---|
| Lead Debtor's name | WALKER EDISON HOLDCO LLC | |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE | ☐ Check if this is an amended filing |
| Case number (if known): | | |

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Kenco Logistic Services, LLC. P.O. Box 742563 Atlanta, GA 30374-2563 | Lisa.Calvert@kencogroup.com Dan Morrison, daniel.morrison@gxo.com 614-394-6266 | Trade Payable | | | | $3,337,555.69 |
| Fortune Bonus Wooden Limited Land Lot No. 414, Map No.39, Quarter 7, Uyen Hung Ward Tan Uyen Town Binh Duong Province, Vietnam | shunfawood@yeah.net | Trade Payable | | | | $2,239,174.94 |
| Gibson Dunn & Crutcher LLP 333 South Grand Avenue Los Angeles, CA 90071 | Michael M. Farhang MFarhang@gibsondunn.com (213) 229-7005 | Trade Payable | | | | $1,952,694.86 |
| Truong Vinh Co. National Road 1., Hamlet 1, Xuan Hung Commune, Xuan Loc District Dong Nai Province, Vietnam | Chung Diet Kiet kiettruongvinh@gmail.com 0251 3756425 | Trade Payable | | | | $1,304,472.35 |

| Lead Debtor | **WALKER EDISON HOLDCO LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Hsien Yang Industries (Vietnam) Co., LTD**  Lot 1, Tam Phuoc Industries Park, Bien Hoa City  Dong Nai 76000 Vietnam | Nancy Su/Jerry Lin/Alice Nguyen Sales002@hsienyangfurniture.com 84 965051806 | Trade Payable | | | | $1,303,367.53 |
| **Artemobili Moveis Ltda**  Avenida Imperatriz Leopoldina, 727, Distrito Industrial, Nova Prata  RS 95320-000 Brazil | Robson Stella robson.stella@artemobili.com.br +55 54996562656 Gabriel Cherubini +5511999849412 gjcherubini51@gmail.com | Trade Payable | | | | $1,186,845.73 |
| **XPO Logistics Supply Chain**  29560 Network Place  Chicago, IL 60673-1560 | xposc-receivables@xpo.com Jason Esser Jason.Esser@kencogroup.com (909) 229-6458 | Trade Payable | | | | $904,690.29 |
| **FedEx Corporation**  Attn: Executive Vice President, General  942 South Shady Grove Road  Memphis, TN 38120 | Robin Johnson robin.johnson2@fedex.com (801) 580-0322 | Trade Payable | | | | $681,312.84 |
| **Zhejiang Anji Huiye Furniture Co., Ltd.**  Xiaoyuan Village Jishan Town Ship Anji County  Huzhou Zhejiang Province, China | Carrie Sales06@hychair.com 0752-5018852-828 | Trade Payable | | | | $501,058.11 |
| **Wei Qiang**  The Second Industrial Zone Continents of Qiaotou Town, Dongguan Cit Guangdong Province, China | Andy Cao dgwq@vip.163.com 0769-81039689 | Trade Payable | | | | $474,727.78 |
| **Bonham Davis Warehouse**  4350 W 2100 S  Salt Lake City, UT 84120 | Brad Bonham brad@bonco.com (801) 635-5746 Matt Davis outdoormatt@gmail.com | Trade Payable | | | | $441,801.52 |

| Lead Debtor | **WALKER EDISON HOLDCO LLC** | | Case number *(if known)* | | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Consilio<br>1828 L Street NW<br>Suite 1070<br>Washington, DC 20036 | Todd Adelstein<br>(646) 581-1906<br>Todd.Adelstein@Consilio.com | Trade Payable | | | | $440,440.43 |
| Google LLC<br>1600 Amphitheatre Pkwy<br>Mountain View, CA 94043 | collections@google.com<br>Jarod Farchione<br>farchionej@google.com<br>(415) 993-0397 | Trade Payable | | | | $331,148.65 |
| MSC Mediterranean Shipping Company (USA)<br>700 Watermark Blvd.<br>Mt. Pleasant, SC 29464 | USA-finance.creditcollection@msc.com | Trade Payable | | | | $302,239.10 |
| E-Shine Enterprise Co., Limited<br>Fudu Industrial District, Shaogangtou Vi Qiaotou Town, Dongguan City Guangdong Province, China 523038 | Linda Cole Tang<br>coletang@eshinefurniture.cn<br>0769-83336558 | Trade Payable | | | | $285,343.83 |
| CastleGate Fulfillment<br>4 Copley Place 7th Floor Boston, MA 02116 | SupplierPayments@Wayfair.com<br>Michael Pomerville<br>mpomerville@wayfair.com | Trade Payable | | | | $259,390.66 |
| Moveis Katzer LTDA<br>Rua Estevao Buschle, 262, Bairro; 25 de Sao Bento Do Sul SC 89290-207 Brazil | Leonardo Katzer<br>leonardo@katzer.com.br<br>55-47-3634-1378 | Trade Payable | | | | $224,127.94 |
| Idimex do Brasil Industria e Comercio de Moveis LTDA<br>Rodovia BR 280 s/n Mafra SC 89307-345 Brazil | Helington Souza<br>helington@idimex.com.br<br>55-47-3641-6000 | Trade Payable | | | | $206,729.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured claims    page 3

| Lead Debtor | **WALKER EDISON HOLDCO LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Acosta Inc. (OeP LLC) 6600 Corporate Center Parkway Jacksonville, FL 32216-0973 | Sylvia Acosta sacosta@acosta.com 347-570-3986 | Trade Payable | | | | $200,398.46 |
| Crowe LLP 320 E Jefferson BLVD South Bend, IN 46601 | Matt Redente, CPA \| Partner Crowe LLP 973-422-4570 | Trade Payable | | | | $198,254.96 |
| Scan Global Logistics (Shanghai) Co., Lt Shenzhen Branchnit 2101-2102 21/FShenzhen Kerry Centre 2008 Renminnan Shenzhen Shanghai 518000 China | Jackson Yang jyang@scangl.com 86 135 3018 5823 | Trade Payable | | | | $193,403.45 |
| Moveis Serraltense LTDA. Rua Benjamin Constant, 438 Centro Cx. Postal 64, Sao Bento do Sul SC 89280-484 Brazil | Daniel Lutz daniel@serraltense.com.br 55 47999868425 | Trade Payable | | | | $187,691.08 |
| Workman Nydegger 1000 Eagle Gate Tower, 60 East South Temple, Salt Lake City, UT 84111 | David P. Johnson djohnson@wnlaw.com 801-321-8905 | Trade Payable | | | | $171,893.76 |
| Kenshoo Inc. (Skai) 22 4th Street San Francisco, CA 94103 | Skai_collection_us@skai.io Maureen Cronin Maureen.Cronin@skai.io 847-274-3971 | Trade Payable | | | | $170,600.00 |
| Maersk Logistics & Services USA Inc. 180 Park Ave BLDG 105, Florham Park, NJ 07932 | Jessica Eovino Jessica.eovino@ins.maersk.com 704-737-6429 | Trade Payable | | | | $156,622.00 |

| Lead Debtor | **WALKER EDISON HOLDCO LLC** | | | Case number *(if known)* | |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| P&P Moveis E Confeccoes LTDA, Av. Dr. Jo o Pedro Arruda 2500 – rea Industrial, Lages, SC 88514-605 Brazil | Fabiana Seminotti Castagna comercial@pepmoveis.com 5549991267073 | Trade Payable | | | | $152,050.20 |
| Hong Wood Products, 20, 21 Jun Hua Road, DongJiang Village, Qiaotou Town Dongguan City, Guangdong Province, Vietnam | Li Yao dghx118@163.com 0769-81020329 | Trade Payable | | | | $143,275.32 |
| Ding Zhi Furniture Co., Ltd. Street Number 6, Uyen Hung Industrial Zo, UY Lot A22 Tan Uyen City, Binh Duong Prov 72000, Vietnam | Allen Xie/Annie Zeng/Aaron Xie allen_dsa@dingzhi.vn 84-2743639492 | Trade Payable | | | | $139,645.95 |
| Dongguan Her Sheng Pan Hardware Products Yin Hu Industrial Zone, Qing Xi Town, Dongguan, Guandong 523648 China | 86-0769-89137218 | Trade Payable | | | | $133,271.34 |
| Rutan & Tucker LLP 18575 Jamboree Road, 9th Floor Irvine, CA 92612 | Paula Hall-Jackson | Trade Payable | | | | $131,635.33 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured claims    page 5

**OMNIBUS ACTION BY WRITTEN CONSENT OF THE SPECIAL COMMITTEE
OF THE BOARD OF MANAGERS OF WALKER EDISON HOLDCO LLC
AND SOLE MEMBERS OF WALKER EDISON INTERMEDIATE, LLC
WALKER EDISON FURNITURE COMPANY LLC, AND EW FURNITURE, LLC**

August 28, 2025

The undersigned, being the sole member on the special committee (the "Special Committee") of the board of managers (the "Board") of Walker Edison Holdco LLC, a Delaware limited liability company ("Holdco"), and Holdco being the sole member of (i) Walker Edison Intermediate, LLC, a Delaware limited liability company ("Intermediate"), and Intermediate being the sole member of (ii) Walker Edison Furniture Company LLC, a Utah limited liability company ("Walker"), and Walker being the sole member of (iii) EW Furniture, LLC, a Utah limited liability company ("EWF" and together with Intermediate and Walker (the "Subsidiaries"), and with Holdco, the "Companies" and each, individually, a "Company") each acting in accordance with its limited liability company agreement, hereby consent to and adopt the following actions:

**WHEREAS**, the Companies have retained the firm MACCO Restructuring Group ("MACCO") to provide restructuring services to assist each Company in evaluating its business, financial prospects, liquidity, strategic alternatives, developing a business plan, budgeting, developing financial data for evaluation by the Special Committee, the Board, creditors, prospective transaction counterparties, or other third parties, in each case, as requested by the Special Committee, the Board or by management of the Companies, evaluating each Company's capital structure, responding to issues related to each Company's financial liquidity, and assist in any additional financing, sale, reorganization, business combination, or other similar disposition of each Company's assets and negotiations regarding same;

**WHEREAS**, the Companies have retained the investment bank of Lincoln International LLC ("Lincoln") to provide investment banking services to assist and advise each Company in conducting an in- or out-of-court marketing and sale process for the operating assets of the Companies at the direction of the Special Committee and the Board, as requested by the Special Committee, the Board or by management of the Companies;

**WHEREAS**, the Companies have retained the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") to provide legal advice to each Company concerning conducting an in- or out-of court restructuring and/or sale of the Companies at the direction of the Special Committee and the Board, as requested by the Special Committee, the Board or by management of the Companies;

**WHEREAS**, the Board conducted a meeting by video conference on August 26, 2025 (the "Board Meeting"), at which time (i) professionals from Lincoln advised the Board and the Special Committee that the Asset Purchase Agreement (the "Stalking Horse Agreement") with Twin-Star International Inc. for the purchase of substantially all of each Company's operating assets, subject to higher and better bids, pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), was the best offer received to date to maximize the value of the Companies' operating assets and to preserve employee jobs, and recommended that the Companies

1

pursue the transaction contemplated by the Stalking Horse Agreement; (ii) professionals from MACCO, as well as management of the Company, agreed with the assessment of Lincoln that the Stalking Horse Agreement represented the best option to maximize the value of the Companies' operating assets and recommended that the Companies pursuant the transaction contemplated by the Stalking Horse Agreement; and (iii) Morris Nichols provided advice to the Board and the Special Committee during the Board Meeting;

**WHEREAS**, at the Board Meeting, the Board made and passed a motion to recommend to the Special Committee, and approved, subject to Special Committee approval, the transactions contemplated by the Stalking Horse Agreement, including commencing cases under the Bankruptcy Code;

**WHEREAS**, the Special Committee has been informed by professionals from Lincoln and MACCO that the Superpriority Junior Secured Debtor-in-Possession Loan Agreement (the "DIP Credit Agreement" and together with other documents related to debtor-in-possession financing, the "DIP Documents") with Blue Owl Capital Corporation, as agent, to provide the Companies with debtor-in-possession financing (the "DIP Credit Facility") was the best means by which to seek approval and implement the Stalking Horse Agreement, or a higher and better offer, if any;

**WHEREAS,** the Special Committee, after discussion and consultation with the Board, has considered presentations by the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to each Company, and the effect of the foregoing on each Company's business;

**WHEREAS**, the Special Committee, after discussion and consultation with the Board, has had the opportunity to consult with the financial and legal advisors of the Companies, fully consider each of the strategic alternatives available to the Companies, including a potential filing under chapter 11 the Bankruptcy Code, and review the preparation materials provided by the financial and legal advisors;

**WHEREAS**, the Special Committee, after considering the recommendation of the Board, has determined that it is advisable and in the best interests of the Companies and the Companies' stakeholders, creditors, members, and other interested parties to commence a case under chapter 11 of the Bankruptcy Code, and the Special Committee has determined that they should do so promptly to ensure that each debtor in possession has time to organize the affairs of each Company; and

**WHEREAS**, the Special Committee, after discussion and consultation with the Board, management of each Company, and the legal and financial advisors of each Company, intends for each Company to enter into (i) the Stalking Horse Agreement with Twin-Star International Inc. for the purchase of substantially all of each Company's operating assets, subject to higher and better bids, and (ii) the DIP Credit Agreement with Blue Owl Capital Corporation, as agent, to provide the Companies with the DIP Credit Facility.

2

**NOW, THEREFORE, IT IS:**

**Commencement and Prosecution of the Chapter 11 Cases**

**RESOLVED**, that in the business judgment of the Special Committee, after discussion and consultation with the Board, it is desirable and in the best interests of each Company (including considering its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition (each, a "Petition" and collectively, the "Petitions") for relief (each a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law; and it is further

**RESOLVED**, that any member, manager, officer, or director of each Company, or any other duly appointed officer or other person acting at the direction of the foregoing officers of each Company (individually, the "Designated Person" collectively, the "Designated Persons"), acting alone or with one or more other Designated Person be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, motions, chapter 11 plans, and other papers or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain relief under chapter 11 of the Bankruptcy Code, including any action necessary to maintain the ordinary course operation of each Company's business; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Designated Person to seek relief on behalf of the Companies under chapter 11 of the Bankruptcy Code, or in connection with the ordinary course operations of the Companies during the Chapter 11 Cases, or any matter related thereto, in connection with the Companies' ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Companies as fully as if such actions had been presented to the Special Committee or the Board for its prior approval; and it is further

**RESOLVED**, that all acts and deeds previously performed by any of the Designated Persons or officers of any Company before the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Companies; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Morris Nichols be, and hereby is, authorized, directed, and empowered to represent the Companies as their general bankruptcy counsel on the terms set forth in its engagement letter with the Companies, which is hereby ratified and approved, and to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including, without limitation, the preparation of and filing of the Petitions and related forms, motions, objections, pleadings, schedules, lists, statements and other papers or documents; and in connection therewith, each

3

Designated Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and it is further;

**RESOLVED**, that the investment bank of Lincoln be, and hereby is, engaged to provide investment banking and other related services to the Companies; and in connection therewith, each Designated Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Lincoln; and it is further

**RESOLVED**, that the firm of Epiq Corporate Restructuring, LLC ("Epiq") be, and hereby is, engaged to act as notice, claims and administrative agent and to provide other related services to the Companies in the Chapter 11 Cases; and in connection therewith, each Designated Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

**RESOLVED**, that MACCO be, and hereby is, engaged to provide turnaround and business transformation advisory services and other related services to the Companies; and in connection therewith, each Designated Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of MACCO; and it is further

**General Resolutions**

**RESOLVED**, that the Designated Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each Company, to perform the obligations of each Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Designated Person performing or executing the same shall approve, and the performance or execution thereof by the Designated Person shall be conclusive evidence of the approval thereof by the Designated Person and by the Companies; and it is further

**RESOLVED**, that each Company is authorized, directed, and empowered, and any Designated Person, in each case, acting individually or jointly, be, and hereby is, authorized, directed, and empowered, to enter into and, subject to Bankruptcy Court approval, perform under the DIP Credit Agreement and DIP Documents; and it is further

**RESOLVED**, that each Designated Person be, and hereby is, authorized, directed and empowered, either jointly or severally, for and on behalf of and in the name of each Company to cause each Company and its subsidiaries to pledge, mortgage, or otherwise grant security interests in, and liens upon, any or all of the assets and properties, real and personal, now owned or hereafter acquired by each Company and its subsidiaries, including, without limitation, any capital stock, membership interests, or other ownership interests owned by each Company or any subsidiary in any corporations, limited liability companies, or other entities, now existing or hereafter arising or acquired (collectively, the "Collateral"), as applicable, and all proceeds of the Collateral as may now or from time to time be required in connection with the DIP Documents and the DIP Credit Facility, to secure payment and performance by each Company of its obligations under the DIP Documents and such other obligations that are required to be secured under the DIP Documents and take such further action to maintain and perfect such liens and otherwise necessary to effect the purposes of the DIP Documents; and it is further

**RESOLVED**, that each Company is authorized, directed, and empowered, and any Designated Person, in each case, acting individually or jointly, be, and hereby is, authorized, directed, and empowered, to enter into and, subject to Bankruptcy Court approval, perform under the Stalking Horse Agreement in the name and on behalf of each Company; and it is further

**RESOLVED**, that each of the Designated Persons be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Designated Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper, or convenient; and it is further

**RESOLVED,** that each of the Designated Persons be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Designated Persons deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that the Special Committee and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by any of the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notices; and it is further

**RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this Omnibus Action by Written Consent of the Special Committee of the Board shall be deemed to be originals and may be relied on to the same extent as the originals.

This Omnibus Action by Written Consent of the Special Committee of the Board and Sole Members of the Subsidiaries may be executed in counterparts, each of which shall be deemed to

be an original and all of which, when taken together, shall constitute one and the same Action by Written Consent of the Special Committee of the Board and Sole Members of the Subsidiaries. This Omnibus Action by Written Consent of the Special Committee of the Board and Sole Members of the Subsidiaries may be executed and delivered via electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method (including an email which states "I consent") and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

*[Signature Page Follows]*

      This Action by Written Consent of the Special Committee of the Board and Sole Members of the Subsidiaries has been executed as of the date listed above in one or more counterparts and shall be filed in the books and records of the Company and the Subsidiaries and shall be treated for all purposes as action taken at a meeting.

**SPECIAL COMMITTEE OF THE BOARD OF MANAGERS OF WALKER EDISON HOLDCO, LLC:**

*/s/ Thomas B. Walper*
Thomas B. Walper

**WALKER EDISON HOLDCO, LLC, AS SOLE MEMBER OF WALKER EDISON INTERMEDIATE, LLC:**

*/s/ Thomas B. Walper*
Name: Thomas B. Walper
Title: Designated Signatory

**WALKER EDISON INTERMEDIATE, LLC, AS SOLE MEMBER OF WALKER EDISON FURNITURE COMPANY LLC:**

*/s/ Thomas B. Walper*
Name: Thomas B. Walper
Title: Designated Signatory

**WALKER EDISON FURNITURE COMPANY LLC, AS SOLE MEMBER OF WE FURNITURE LLC:**

*/s/ Thomas B. Walper*
Name: Thomas B. Walper
Title: Designated Signatory

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| WALKER EDISON HOLDCO LLC, *et al.*,[1] | Case No. 25-(_____) (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession hereby state as follows:

1. Walker Edison Holdco LLC is 59.96% owned by Owl Rock Capital Corporation, 18.34% owned by Pennant Park, 16.70% owned by Bain Capital Credit LP, and 5.00% owned by Evolution Credit Partners.

2. Debtor Walker Edison Intermediate, LLC is 100% owned by Debtor Walker Edison Holdco LLC.

3. Debtor Walker Edison Furniture Company LLC is 100% owned by Debtor Walker Edison Intermediate, LLC.

4. Debtor EW Furniture, LLC is 100% owned by Debtor Walker Edison Furniture Company LLC.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, are Walker Edison Holdco LLC (8817), Walker Edison Intermediate, LLC (3363), Walker Edison Furniture Company LLC (6576), and EW Furniture, LLC (6288). The Debtors' headquarters is located at 1553 W 9000 S, West Jordan, UT 84088.

**Fill in this information to identify the case and this filing:**

Debtor Name: Walker Edison Furniture Company, LLC

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration  Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/28/2025         X  /S/ Jeffery P. Werner
            MM / DD / YYYY         Signature of individual signing on behalf of debtor

                                   Jeffrey P. Werner
                                   Printed name

                                   Chief Executive Officer
                                   Position or relationship to debtor